[No. F047953. Fifth Dist. Oct. 19, 2005.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
MARCELINA M., a Minor, Real Party in Interest.

Counsel

Phillip J. Cline, District Attorney, Carol B. Turner and Don H. Gallian, Assistant District Attorneys, and Todd Hayward, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Michael B. Sheltzer, Public Defender, and Lisa Bertolino, Assistant Public Defender, for Real Party in Interest.

Opinion

**VARTABEDIAN, Acting P. J.**—Marcelina M., a juvenile, pleaded no contest in a court of criminal jurisdiction (criminal court) to one felony violation, not one of the "serious crimes" charged that permitted the People to file the case in the adult court in the first place. Subsequent to her plea, a petition was filed in juvenile court alleging new criminal law violations against Marcelina. We are called on to determine if Marcelina's plea in criminal court requires an automatic transfer of any subsequent juvenile petition, including the one now before this court, to the criminal court pursuant to Welfare and Institutions Code section 707.01, subdivisions (a)(5) and (b).[1] We answer no and deny the People's petition.

### Background

On September 16, 2004, a complaint was filed against real party in interest Marcelina M., and others, alleging numerous sex crimes that fall within a list of serious crimes set forth in section 707, subdivision (b) as well as other crimes that are not contained within section 707, subdivision (b). (Hereafter, a listed offense will simply be referred to as a 707(b) offense.)

Pursuant to section 707, subdivision (d), the prosecution filed the accusatory pleading in criminal court, bypassing juvenile court. Section 707, subdivision (d) provides: "Except as provided in subdivision (b) of Section 602, the district attorney or other appropriate prosecuting officer may file an accusatory pleading in a court of criminal jurisdiction against any minor 16 years of age or older who is accused of committing an offense enumerated in subdivision (b)."

On October 5, 2004, Marcelina pleaded no contest in criminal court to one count of false imprisonment by violence (Pen. Code, §§ 236, 237).

---

[1] All future code references are to the Welfare and Institutions Code unless otherwise noted.

False imprisonment by violence is not a 707(b) offense. As part of her plea, Marcelina admitted she was over 16 at the time of the commission of the offense.

On March 14, 2005, a three-count juvenile wardship petition was filed against Marcelina. On March 22, 2005, in juvenile court, Marcelina admitted one count of the petition, possession of methamphetamine, and the other counts were dismissed.

Following Marcelina's plea in juvenile court, the People filed a motion to set aside her plea and transfer the matter to criminal court. The People argued that because Marcelina had previously been convicted as an adult, her current petition should have proceeded to criminal court and she was not entitled to plead in juvenile court. The People's argument was based on section 707.01, subdivision (a)(5), and subdivision (b) of that same section.

■ Section 707.01 applies when "a minor is found an unfit subject to be dealt with under the juvenile court law pursuant to Section 707." Subdivision (a)(5) of that section provides: "If, subsequent to a finding that a minor is an unfit subject to be dealt with under the juvenile court law, the minor is convicted of the violations which were the subject of the proceeding that resulted in a finding of unfitness, a new petition or petitions alleging the violation of any law or ordinance defining crime which would otherwise cause the minor to be a person described in Section 602 committed by the minor prior to or after the finding of unfitness need not be filed in the juvenile court if one of the following applies: [¶] (A) The minor was 16 years of age or older at the time he or she is alleged to have violated a criminal statute or ordinance. [¶] (B) The minor is alleged to have violated a criminal statute for which he or she may be presumed or may be found to be not a fit and proper subject to be dealt with under the juvenile court law."

Subdivision (b) of section 707.01 provides: "As to a violation referred to in paragraph (5) or (6) of subdivision (a), if a petition based on those violations has already been filed in the juvenile court, it shall be transferred to the court of criminal jurisdiction without any further proceedings."

A hearing was held on the People's motion. The People argued that once a minor has been convicted in criminal court the minor is deemed unfit for juvenile court and thus a transfer is required under section 707.01, subdivision (a)(5). Marcelina's counsel countered that section 707.01 only applies where a minor has had a fitness hearing and has been found unfit. Because Marcelina never had a fitness hearing and the complaint was a direct filing by the prosecution under section 707, subdivision (d), it was argued Marcelina

had never been "found" to be unfit for treatment under the juvenile court laws. The juvenile court determined the matter had to be transferred to criminal court.

Thereafter the People filed a felony complaint in superior court. Marcelina's counsel then filed a motion to modify the previous order transferring the case to the adult court, claiming that a direct filing in the criminal court under section 707, subdivision (d) does not constitute a finding of unfitness and therefore subdivisions (a)(5) and (b) of section 707.01 do not apply and a transfer to the adult court was not authorized without a fitness hearing. The People filed opposition.

The court held a hearing to determine the motion by Marcelina's counsel.[2] The court took the position that in order to meet the requirement under section 707.01 that the "minor is found an unfit subject" there must have been a hearing where both sides were given the opportunity to offer evidence and the court was required to make a finding of fitness or unfitness at the end of the hearing. Because a fitness hearing was not held when Marcelina pleaded no contest in criminal court in the earlier proceeding, the court found that section 707.01, subdivision (a)(5) and subdivision (b) did not apply. The court vacated the prior ruling transferring the matter to criminal court and transferred the matter back to juvenile court for a disposition hearing on the previously entered plea to the juvenile petition. The criminal complaint was then dismissed.

The People (petitioner) filed a petition for writ of prohibition and/or mandate, or an alternative writ. In addition the People requested a temporary stay. We issued a stay and directed the parties to focus their briefing on particular issues. An order to show cause was issued by this court on June 2, 2005.

## Discussion

■ "Proposition 21, titled the Gang Violence and Juvenile Crime Prevention Act of 1998 and approved by the voters at the March 7, 2000, Primary Election (Proposition 21), made a number of changes to laws applicable to minors accused of committing criminal offenses." (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 544–545 [117 Cal.Rptr.2d 168, 41 P.3d 3].) The initiative measure added subdivision (d) to section 707, allowing prosecutors to exercise their discretion under specified circumstances to bring charges

---

[2] Although the motion to transfer the matter back to juvenile court was held in superior court, it was heard by the same judge that transferred the matter from juvenile court to superior court.

directly in criminal court without a prior adjudication by the juvenile court that the minor is unfit for a disposition under the juvenile court law.[3] The circumstances utilized by the prosecution to file directly in criminal court in the first proceeding against Marcelina were that she was 16 years of age or older and was accused of committing a 707(b) offense. Although Marcelina pleaded no contest in criminal court, that plea concerned a non-707(b) offense.

The petitioner argued below and argues in this writ proceeding that the criminal court's taking of jurisdiction over the September 2004 criminal complaint is a finding of unfitness as that term is utilized in section 707.01 and that a formal fitness hearing is not required to subject Marcelina to the automatic transfer to, or direct filing in, criminal court contained in section 707.01, subdivisions (a)(5) and (b) on the newly filed petition.

Although the trial court determined that a minor could not be found an unfit subject under section 707.01 without a fitness hearing in juvenile court, we need not determine whether a formal fitness hearing is required in all circumstances before section 707.01 may apply, because the requirements of section 707.01, subdivision (a)(5) were not met by the proceedings that did occur.

Here the "finding of unfitness" claimed by the People allowing them to file directly in criminal court in September 2004 was that Marcelina was accused of committing a 707(b) offense. Without the section 707(b) offense allegations, the People would not have had the ability to bypass a fitness hearing and file directly in criminal court under section 707, subdivision (d).

In order for section 707.01, subdivision (a)(5) (allowing for a direct filing in criminal court) or 707.01, subdivision (b) (allowing for an immediate transfer to criminal court without further proceedings) to apply to a minor previously found an unfit subject to be dealt with in juvenile court, the minor must be *convicted of the violations which were the subject of the proceeding that resulted in a finding of unfitness.*" (§ 707.01, subd. (a)(5), italics added.) The "finding of unfitness" that allowed the prosecution to file directly in criminal court under section 707, subdivision (d) was that Marcelina was accused of committing several 707(b) offenses. "The voters, through the enactment of Proposition 21, have determined that the judiciary shall not make the determination regarding a minor's fitness for a juvenile disposition where the prosecutor initiates a criminal action pursuant to section 707(d)." (*Manduley v. Superior Court, supra,* 27 Cal.4th at p. 555.)

---

[3] The California Supreme Court found the direct filing power contained in section 707, subdivision (d) does not violate the separation of powers and is authorized as part of the traditional prosecutorial charging discretion.

█ The initiation of the September 2004 criminal action was predicated solely on the allegation that Marcelina had committed one or more 707(b) offenses. Yet, she was not convicted of any section 707(b) offense, let alone one that was the subject of the proceeding (direct filing by the prosecution under § 707, subd. (d)) that resulted in a finding of unfitness. The non-707(b) offense charge was not a basis for the direct filing by the prosecution. Thus, even if we were to assume that a direct filing by the prosecution in criminal court is the equivalent of a proceeding resulting in a finding of unfitness (a determination that we need not and are not making in this case), the failure of the People to sustain a violation that was the sole basis for the direct filing precludes application of section 707.01, subdivisions (a)(5) and (b). When the 707(b) offenses were dismissed as part of the bargain whereby Marcelina pleaded no contest to commission of the non-707(b) offense of violation of Penal Code section 236, any notion that she was unfit for juvenile proceedings because of the initiation of that adult proceeding was essentially negated.

### Disposition

The petition for writ of mandate/prohibition is denied. The stay of action in No. JJD055520-02 in the Tulare Superior Court, Juvenile Division is lifted.

Cornell, J., and Gomes, J., concurred.