[No. A067761. First Dist., Div. Four. Sept. 8, 1995.]

In re SIM J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SIM J., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.A.

### Counsel

Stewart C. Pollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Sharon Rosen Lieb, Deputy Attorneys General, for Plaintiff and Respondent.

### Opinion

**REARDON, J.**—In the first appeal, we concluded that appellant Sim J. had not been adequately advised of his privilege against self-incrimination at the time he admitted a violation of Welfare and Institutions Code section 871, subdivision (b) (felony escape by force from juvenile custody) and a violation of Penal Code section 594 (misdemeanor vandalism). (*In re Sim J.* (May 26, 1994) A062110 [nonpub. opn.].) We reversed the judgment and his commitment to the California Youth Authority (CYA).

Upon resumption of proceedings in the juvenile court, Sim again admitted the same two violations, this time after proper advisement of rights. He was again committed to CYA, with the court fixing the maximum term at 82 months, which was the same as the prior commitment. The court again determined that a prior assault with a deadly weapon, which had been charged as a misdemeanor and admitted by Sim as a misdemeanor, was an

offense enumerated in Welfare and Institutions Code section 707, subdivision (b) (section 707(b)).

On the instant appeal, Sim contends (1) that the juvenile court abused its discretion in committing him to CYA without a new report and (2) that the juvenile court erred in designating his prior misdemeanor assault as a section 707(b) offense.[1] We affirm the judgment and commitment, but set aside the juvenile court's section 707(b) determination.

## I. DISCUSSION

A. *Sim expressly waived the preparation of a new report and expressly agreed to the same CYA commitment previously imposed.*\*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

B. *The trial court erred in determining that Sim's misdemeanor assault adjudication was a section 707(b) offense.*

█ Sim next contends that the juvenile court erred in determining that Sim's prior misdemeanor violation of Penal Code[2] section 245, subdivision (a)(1) was a section 707(b) offense. One effect of such determination is to extend the court's jurisdiction over Sim from age 21 to age 25. (Welf. & Inst. Code, §§ 607, 1769.)[3] Timely objection to the section 707(b) designation was made by Sim in the juvenile court.

The record reflects that in 1992, Sim was charged with a violation of section 245, subdivision (a)(1), assault with a deadly or dangerous weapon, to wit: a rock, as a felony. Thereafter, the prosecuting attorney moved to amend the petition to charge the assault as a misdemeanor violation of section 245, subdivision (a)(1). The motion was granted and Sim admitted the violation as a misdemeanor.

Sim contends that section 707(b) is reserved for the most serious offenses and does not include misdemeanor violations. We agree.

The following offenses are listed in section 707(b): (1) murder; (2) arson, as provided in section 451, subdivision (a) or (b) (arson causing great bodily

---

[1] This latter contention was raised on the first appeal but not addressed because of our reversal on the ground of inadequate advisement of rights.

\*See footnote, *ante*, page 94.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] Another effect, as will be discussed hereafter, would be to qualify this misdemeanor conviction as a potential strike under our "Three Strikes" law. (§ 667, subd. (d)(3)(B).)

injury or arson of inhabited structure); (3) robbery while armed with a dangerous or deadly weapon; (4) rape with force or violence or threat of great bodily harm; (5) sodomy by force, violence, duress, menace or threat of great bodily harm; (6) lewd or lascivious act as provided in section 288, subdivision (b) (lewd act upon body of child under age 14, by force or fear); (7) oral copulation by force, violence, duress, menace or threat of great bodily harm; (8) any offense specified in section 289, subdivision (a) (penetration by foreign object, by force or fear); (9) kidnapping for ransom; (10) kidnapping for purpose of robbery; (11) kidnapping with bodily harm; (12) attempted murder; (13) assault with a firearm or destructive device; (14) assault by any means of force likely to produce great bodily injury; (15) discharge of a firearm into an inhabited or occupied building; (16) any offense described in section 1203.09 (infliction of great bodily injury upon aged or disabled victim during commission of certain felonies); (17) any offense described in section 12022.5 (personal use of firearm or assault weapon in commission or attempted commission of felony); (18) any felony offense in which the minor personally used a weapon listed in section 12020, subdivision (a) (prohibited firearms, knives, clubs, other weapons); (19) any felony offense described in section 136.1 or 137 (intimidation or influencing of victim or witness); (20) manufacturing, compounding or selling one-half ounce or more of any salt or solution of a controlled substance specified in Health and Safety Code section 11055, subdivision (e) (certain depressants, including phencyclidine and similar substances); (21) any violent felony, as defined in section 667.5, subdivision (c); (22) escape, by the use of force or violence, from any county juvenile hall, home, ranch, camp, or forestry camp in violation of Welfare and Institutions Code section 871, subdivision (b) where great bodily injury is intentionally inflicted upon an employee of the juvenile facility during the commission of the escape; (23) torture as described in sections 206 and 206.1 (torture inflicting great bodily injury); (24) aggravated mayhem, as described in section 205; (25) carjacking, as described in section 215, while armed with a dangerous or deadly weapon; (26) kidnapping, as punishable in section 208, subdivision (d) (kidnapping with intent to commit sex offense); (27) kidnapping, as punishable in section 209.5 (kidnapping during carjacking); (28) the offense described in section 12034, subdivision (c) (firing at pedestrian from motor vehicle); and (29) the offense described in section 12308 (exploding destructive device with intent to commit murder).

We first observe that the offense admitted by Sim, assault with a deadly weapon other than a firearm, is not an offense enumerated in section 707(b). The closest offense, and presumably the one relied on by the court, is "Assault by any means of force likely to produce great bodily injury." (§ 707(b)(14).) It has been held, for purposes of section 707(b), that this

language includes the offense of assault with a deadly weapon (*In re Pedro C.* (1989) 215 Cal.App.3d 174, 182 [263 Cal.Rptr. 428]), and Sim does not challenge this holding.

It is undisputed that the offenses listed in section 707(b) constitute extremely serious offenses. Although it is true, as the Attorney General contends, that the offense of "Assault by any means of force likely to produce great bodily injury" (§ 707(b)(14)) is not expressly labeled or described as a felony or misdemeanor, our Supreme Court has assumed, without deciding, that section 707(b) applies only to felonies (*Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802 [210 Cal.Rptr. 204, 693 P.2d 789]). In discussing the rebuttable presumption of unfitness for treatment under the juvenile court law that arises when a minor, 16 years of age or older, is charged with a section 707(b) offense (see § 707, subd. (c)), the court in *Ramona R.* stated: "Ordinarily, the burden of proving unfitness is on the prosecution. [Citation.] But if the minor is charged with *certain felonies* enumerated in section 707, subdivision (b), he is presumed to be unfit for juvenile court treatment and must shoulder the burden of proving that he is a fit and proper subject under the five criteria listed above [citations]." (Italics added.) (*Ramona R.* v. *Superior Court, supra*, 37 Cal.3d at p. 805.)

At least one Court of Appeal has made this same assumption. In attempting to "ascertain the intent of the Legislature" as to whether assault by means of force likely to produce great bodily injury included assault with a deadly weapon, the court in *In re Pedro C., supra*, 215 Cal.App.3d 174, stated: "This subdivision [707(b)] contains descriptions of *serious felonies*, including murder (§ 707, subd. (b)(1)), assault with intent to murder (§ 707, subd. (b)(12)), and assault with a firearm or destructive device (subd. (b)(13)). Minors who have committed these offenses must be evaluated to determine if *they are fit subjects* to be dealt with under the Juvenile Court Law (§ 707, subd. (c)). If they are, and are subsequently committed to CYA, its jurisdiction over them extends, pursuant to section 1769, subdivision (b), until their 25th birthday." (*Id.* at p. 182.)

We have not been cited to any case, nor are we aware of one, where a contrary view or interpretation has been expressed.

Our conclusion that the Legislature did not intend that section 707(b) include misdemeanor violations is buttressed by the passage of our "Three Strikes" law. (§§ 667 and 1170.12.) Under the legislative enactment as well as the initiative, a section 707, subdivision (b) offense may qualify as a strike. (See §§ 667, subd. (d)(3), 1170.12, subd. (b)(3).) In enacting the Three Strikes legislation, the Legislature expressed its intent as follows: "It

is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of *serious and/or violent felony offenses*." (§ 667, subd. (b), italics added.) Similar language referring to serious and/or violent felony offenses was contained in the voter pamphlet for the initiative measure Proposition 184. (Ballot Pamp., Preamble of Proposed Law, Gen. Elec. (Nov. 8, 1994) p. 64.) With this clear expression of legislative intent that there should be significantly increased punishment for those convicted of a felony with prior "serious and/or violent felony offenses," the inclusion of section 707(b) offenses in this legislation represents, in our view, a confirmation that section 707(b) was not intended to include misdemeanor adjudications. In sum, the Three Strikes legislation and initiative were not intended to increase punishment for prior misdemeanors; the legislation and initiative identify section 707(b) offenses as offenses that qualify for increased punishment; the inclusion of section 707(b) offenses in the legislation and initiative demonstrates, therefore, that section 707(b) offenses do not include misdemeanor violations.

Accordingly, we conclude that the trial court erred in designating Sim's prior misdemeanor assault adjudication as a section 707(b) offense.

## II. CONCLUSION

The judgment is affirmed in all respects, except that the section 707(b) determination is vacated and set aside.

Anderson, P. J., and Poché, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 30, 1995. George, J., was of the opinion that the petition should be granted.