Filed 11/20/13  In re Elias S. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ELIAS S., a Person Coming Under the Juvenile Court Law. | B248111 (Los Angeles County Super. Ct. No. KJ37976) |
| THE PEOPLE,  Plaintiff and Respondent,  v.  ELIAS S.,  Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Geanene M. Yriarte, Judge.  Affirmed.

Law Offices of Esther R. Sorkin and Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.

_____

The San Bernardino County District Attorney filed a Welfare and Institutions Code section 602[1] petition alleging appellant resisted, obstructed, or delayed a peace officer or emergency medical technician (Pen. Code, § 148, subd. (a)(1)). Appellant, Elias S., admitted the offense; however, the San Bernardino County juvenile court transferred the matter to the Los Angeles County Superior Court for disposition because appellant was a resident of Los Angeles County. The Los Angeles County District Attorney filed a second section 602 petition alleging appellant committed one count of assault with a deadly weapon, a chair (Pen. Code, § 245, subd. (a)(1)). The prosecuting attorney determined that appellant was ineligible for deferred entry of judgment (DEJ), because the charged offense constituted conduct defined in section 707, subdivision (b).

Following an adjudication hearing, the juvenile court found the allegations in the second petition true, declared appellant a ward of the court, and deemed the offense to be a felony. The juvenile court accepted jurisdiction from San Bernardino County on the first petition and declared that offense to be a misdemeanor. It set a maximum term of confinement of four years four months for both petitions and placed appellant in the camp community placement program for three months, with 21 days of predisposition credit.

Appellant contends he was erroneously found ineligible for DEJ, because despite the holding in *In re Pedro C.* (1989) 215 Cal.App.3d 174, 183 (*Pedro C.*), the Legislature did not intend the charged offense—assault with a deadly weapon—be included in the list of offenses contained in section 707, subdivision (b), which render minors ineligible for DEJ.

We affirm the judgment.

---

[1] Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.

## DISCUSSION[2]

The DEJ provisions of section 790 et seq. provide that "in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment.  Entry of judgment is deferred.  After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the juvenile court is required to dismiss the charges.  The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed.  (§791, subd. (a)(3), §793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

The determination of whether to grant DEJ entails consideration of two distinct factors—eligibility and suitability.  (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607, fn. 10.)  A minor is eligible for DEJ under section 790 if he or she is accused in a juvenile wardship proceeding of committing a felony offense and all of the following circumstances apply:  "(1)  The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶]  (2)  The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶]  (3)  The minor has not previously been committed to the custody of the Youth Authority. [¶]  (4)  The minor's record does not indicate that probation has ever been revoked without being completed. [¶]  (5)  The minor is at least 14 years of age at the time of the hearing. [¶]  (6)  The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subds. (a)(1)-(6).)  After eligibility is determined, the juvenile court has the ultimate discretion to rule on the suitability of the minor for DEJ after it considers the factors specified in California Rules of Court, rule 5.800 and section 791, subdivision (b).

---

[2]  Because the facts of this case are not relevant to the issue on appeal, we do not recount them here.

Section 707, subdivision (b) lists offenses that give rise to a presumption that a minor 14 years of age or older is not a fit and proper subject to be dealt with under the juvenile court law. (See *id*., subd. (c); *In re Sim J.* (1995) 38 Cal.App.4th 94, 98.) "Assault with a deadly weapon" is not specifically listed, and there is no reference to section 245. However, subdivision (b)(14) of section 707 lists "[a]ssault by any means of force likely to produce great bodily injury," which has been held to include assault with a deadly weapon. (*Pedro C*., *supra*, 215 Cal.App.3d at p. 183.) Appellant contends that, in light of subsequent holdings of our Supreme Court, *Pedro C*. is no longer good law. He requests that we reconsider whether the Legislature intended for assault with a deadly weapon—the only factor that bars him from DEJ eligibility—to be an offense included in section 707, subdivision (b).

In *Pedro C.*, the minor was alleged to have committed an assault with a deadly weapon, to wit, a motor vehicle, upon a peace officer in violation of section 245, former subdivision (b).[3] He admitted the allegation and was committed to what was then known as the California Youth Authority (CYA). At issue was the length of CYA's jurisdiction, which turned on whether the offense was one listed in section 707, subdivision (b). (*Pedro C*., *supra*, 215 Cal.App.3d at pp. 178, 182.) Because the section 602 petition did not charge the minor with "'[a]ssault by any means of force likely to produce great bodily injury,'" the referee concluded the offense did not fall within section 707, subdivision (b) of that code. (*Pedro C*., *supra*, at p. 182.) The appellate court disagreed, stating:

"The precise issue before us is thus whether section 707[, subdivision] (b)(14) embraces violations of . . . section 245, subdivision (b) which are charged as assaults with deadly weapons or instruments, rather than as assaults by means likely to produce great bodily injury. We conclude that it does.

"In determining whether section 707, subdivision (b)(14) includes assault with a deadly weapon, our primary goal is to ascertain the intent of the Legislature. [Citation.]

---

[3] *Pedro C., supra,* 215 Cal.App.3d 174 involved a different, but analogous section of section 245, assault with a deadly weapon on a peace officer.

4

Section 707, subdivision (b) was enacted in substantially its present form by Statutes 1976, chapter 1071, section 28.5. This subdivision contains descriptions of serious felonies, including murder [citation], assault with intent to murder [citation], and assault with a firearm or destructive device [citation]. Minors who have committed these offenses must be evaluated to determine if they are fit subjects to be dealt with under the Juvenile Court Law [citation]. If they are, and are subsequently committed to CYA, its jurisdiction over them extends, pursuant to section 1769, subdivision (b), until their 25th birthday.

"Given this statutory scheme, for this court to determine that assault with a deadly weapon is not a section 707, subdivision (b) offense would be to elevate form over substance. [Citation.] '"A deadly weapon is one likely to produce death or great bodily injury."' [Citations.] Necessarily, then, assault with a deadly weapon includes assault by means likely to produce great bodily injury.

"We therefore concur with the Attorney General's conclusion [citation] that appellant's . . . section 245, subdivision (b) offense falls within the purview of section 707, subdivision (b) . . . ." (*Pedro C.*, *supra*, 215 Cal.App.3d at pp. 182-183.)

Although the scope of the holding in *Pedro C.* may be overly broad in light of more recent Supreme Court precedent, we conclude that it is applicable under the circumstances of this case. At the time *Pedro C.* was decided, assault with a deadly weapon and assault by any means likely to produce great bodily injury were listed as alternatives in section 245. (Stats. 1976 (Pen. Code) ch. 1071, § 28.5.) The Legislature has since divided the subdivision "into two separate and distinct subdivisions: section 245, subdivision (a)(1) now prohibits assault with a deadly weapon or instrument other than a firearm, and new subdivision (a)(4) prohibits assault by means of force likely to produce great bodily injury. (Stats. 2011, ch. 183, § 1.)"[4] (*People v. Brown* (2012)

---

[4] "According to the report of the Assembly Committee on Public Safety, the purpose of this change was to permit a more efficient assessment of a defendant's prior criminal history since an assault with a deadly weapon qualifies as a 'serious felony' (see . . . § 1192.7, subd. (c)(1)), while an assault by force likely to produce great bodily injury

5

210 Cal.App.4th 1, 5, fn. 1.)  As appellant asserts, subdivisions (a)(1) and (a)(4) have different meanings, and must be read as separate clauses to give full effect to the Legislature's intent.  (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1030 (*Aguilar*).)  However, there are situations, such the instant case, in which the two overlap, such that section 707, subdivision (b)(14) may encompass both subdivisions.

As our Supreme Court explained in *Aguilar,* "the ordinary understanding of the phrase 'deadly weapon or instrument' does not encompass hands or feet per se, but rather includes only objects extrinsic to the body. . . .  [T]o define 'deadly weapon or instrument' to include feet and hands would make redundant the clause 'force likely to produce great bodily injury.'  This is so because deadly weapons or instruments not inherently deadly are defined by their use in a manner capable of producing great bodily injury.  [Citation.]  . . . '[I]f hands and feet can constitute deadly weapons, then it would appear that anything--inanimate or animate object or body parts such as hands, feet or teeth--could, in appropriate circumstances, be considered a "deadly weapon."'  If this were the case . . . the 'force likely to produce great bodily injury' clause would be unnecessary.  [We can infer] from the inclusion of both clauses in section 245, subdivision (a)(1), a legislative intent that a meaningful difference exist between the two clauses . . . ."  (*Aguilar*, *supra*, 16 Cal.4th at p. 1030.)  The *Aguilar* court concluded that "'[*a*] *deadly weapon is any object, instrument, or weapon which is used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury*[,]'" whereas the "force likely" phrase also encompassed hands and feet used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury.  (*Id*. at p. 1037.)  It noted that its holding did not "reduce the [deadly weapon] clause to surplusage.  There remain assaults involving weapons that are deadly per se, such as dirks and blackjacks, in which the prosecutor may argue for, and the jury convict of, aggravated assault based on the mere character of the weapon."  (*Id*. at p. 1037, fn. 10.)

does not.  (See Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 1026 (2011-2012 Reg. Sess.) as introduced Apr. 26, 2011.)"  (*People v. Brown* (2012) 210 Cal.App.4th 1, 5, fn. 1.)

Pertinent here, if a weapon is not deadly per se, it is encompassed within the "force likely" language.[5]

A chair is not an inherently dangerous or deadly instrument. The petition expressly alleged appellant committed an assault with a deadly weapon and specified that the weapon was a chair. The juvenile court sustained the petition, specifically finding the chair, as appellant used it, constituted a deadly weapon. (See *Aguilar*, *supra*, 16 Cal.4th at p. 1030 ["deadly weapons or instruments not inherently deadly are defined by their use in a manner capable of producing great bodily injury"].) Assault "requires an unlawful attempt to apply physical force and a present ability to apply such physical force. [Citations.]" (*People v. Wright* (1996) 52 Cal.App.4th 203, 209 (*Wright*).) Where the attempt to apply physical force—which necessarily moves beyond mere threat, menace, or display of aggression and is instead "violence begun to be executed" (*People v. Yslas* (1865) 27 Cal. 630, 633; see *Wright*, *supra*, at p. 211)—is accomplished by means of a deadly weapon, the resultant assault with a deadly weapon is necessarily subsumed into the general category of "[a]ssault by any means of force likely to produce great bodily injury," as described in section 707, subdivision (b)(14). This being the case, appellant was properly deemed ineligible for deferred entry of judgment.

We also reject appellant's argument that *Pedro C.* impermissibly grafted a substantive clause onto section 707. As we have explained, the language already present in the statute necessarily encompasses assault with a deadly weapon in cases like this one, where the weapon is not inherently deadly, as evidenced by the bare petition. The present case is readily distinguishable from *People v. Garcia* (1999) 21 Cal.4th 1 (residential burglary) and *In re C.H.* (2011) 53 Cal.4th 94 (non-forcible lascivious act on a child), in which no existing statutory language could reasonably be interpreted to encompass the offense charged.

---

[5] We express no opinion as to whether section 707, subdivision (b)(14) encompasses inherently deadly weapons.

**DISPOSITION**

The judgment is affirmed.


KRIEGLER, J.


We concur:


TURNER, P. J.


KUMAR, J.*

---

\*     Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.