Filed 11/4/25  In re Julian N. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re Julian N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  JULIAN N.,  Defendant and Appellant. | D084486  (Super. Ct. No. J245256) |

APPEAL from a judgment of the Superior Court of San Diego County, Tilisha Martin, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

In response to a Welfare and Institutions Code[1] section 602 petition, Julian N. admitted to one count of robbery (a violation of Penal Code section 211), a crime enumerated in section 707, subdivision (b). He was 15 years old at the time of the crime.

After successfully completing probation, Julian asked the court to dismiss his petition and to seal his records immediately. The court denied Julian's motion, concluding that Julian was not eligible to have his records sealed.

Julian appeals the court's denial of his request to seal his juvenile records.

We requested supplemental briefing concerning whether section 781 applied to the situation here, in which case Julian would have to wait until he turned 18 to seal his records, or section 786 applied, in which case he would qualify for immediate sealing. We also requested briefing on whether dismissing a petition was the equivalent of setting aside a finding on an offense when the petition contains only one charge.

We conclude the applicable sealing statute is section 781. When a juvenile court sustains a petition against a minor who was over age 14 when she or he committed a section 707, subdivision (b) offense, the minor will only qualify for immediate sealing under section 786 if the court both sets aside the true finding on that offense *and* dismisses the petition. Otherwise, section 781 controls, and the minor must reach her or his 18th birthday before becoming eligible for record sealing. Here, the court did not set aside the finding on Julian's robbery offense, therefore, section 786 is inapplicable, and he must wait until age 18 before the records may be sealed.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, the People filed a section 602 petition alleging that in July 2023, when Julian was 15, he committed a second degree robbery (a violation of Penal Code section 211) and a felony assault (a violation of Penal Code section 245, subdivision (a)(4)).

In October 2023, Julian admitted the second degree robbery charge, which qualifies as a section 707, subdivision (b) offense. Section 707, subdivision (b) offenses are "the most serious [juvenile criminal] offenses." (*In re Sim J.* (1995) 38 Cal.App.4th 94, 96.) The People dismissed the balance of the petition. The court adjudged Julian a ward of the court, placed him on probation, and stayed a commitment to Urban Camp.

In May 2024, Julian requested the court dismiss the petition pursuant to section 782.[2] The People requested a continuance to explore Julian's motion and later filed an opposition to it. The People's opposition to Julian's motion argued Julian presented no evidence of rehabilitation to the court, and he spent only seven months on probation which was insufficient to show dismissal was warranted. The People also opposed sealing, explaining that section 781 was the controlling statute given Julian "has not provided the court with proof of rehabilitation."

In June 2024, the court heard Julian's request to dismiss the petition under section 782 and seal his records under section 786. He was not yet 18.

The People urged the court that Julian should wait until he turned 18 and then request to seal under section 781, "which is essentially for [section] 707[, subdivision] (b) type offenses."

The court found Julian had been rehabilitated, this was his first petition, the offense occurred over 11 months earlier, he had not reoffended or

_____

2    It appears Julian's attorney made this motion orally.

violated probation, and he participated in rehabilitative programming. The court dismissed the petition under section 782.

However, the trial court clarified it was not dismissing an offense or reducing that offense to a misdemeanor.[3] The court declined to seal the petition because it found section 781 to be controlling due to the nature of the underlying offense. The court terminated probation.

Julian appealed.

DISCUSSION

A.    *Standard of Review*

We review a juvenile court's ruling on sealing records for abuse of discretion. (*In re A.B.* (2023) 94 Cal.App.5th 82, 86.) But we review de novo the interpretation of statutory language. (*Ibid*.) When we construe statutes, we effectuate the legislature's intent and the law's purpose. (*Ibid*.) We first look to the statute's language, and we must harmonize the statute in the context of the whole scheme. We avoid interpretations that would result in absurd outcomes. The plain meaning controls unless it is ambiguous, in which case we look to extrinsic factors such as the legislative history, what the law is trying to remedy, and public policy. (*Ibid*.)

B.    *Analysis*

Julian contends that once the court dismissed the petition under section 782, he was eligible to have his records sealed immediately under section 786. He argues the court erred in determining that the section 781 governed, which would require him to wait until he turned 18 to seal his records. He posits the court misunderstood the law because whether the

---

[3]    Second degree robbery is punishable only by imprisonment in state prison. (Pen. Code, § 213, subd. (a)(2).) Consequently, robbery cannot be reduced to a misdemeanor. (Pen. Code, § 17, subd. (b).)

4

court set aside the offense was irrelevant since the petition only contained one offense.

We examine the interplay between two juvenile record sealing statutes, sections 781 and 786.  Section 781 instructs us that "[a] petition to seal the . . . *records relating to an offense listed in subdivision (b) of Section 707* that was committed after attaining 14 years of age and resulted in the adjudication of wardship by the juvenile court may only be filed or considered by the court pursuant to this section . . .  [if]  ¶  . . . [t]he person was not committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, has attained 18 years of age, and has completed any period of probation supervision related to that offense imposed by the court." (*Id.* at subds. (a)(1)(D)(i) & (a)(1)(D)(i)(II), italics added.)

Section 786 says in relevant part "[i]f a person who has been . . . found to be a ward of the juvenile court satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed.  *The court shall order sealed all records pertaining to the dismissed petition* in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."  (§ 786, subd. (a), italics added.)  However, we are cautioned that "[a] court *shall not seal a record or dismiss a petition pursuant to this section* if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707 that was committed when the individual was 14 years of age or older *unless the finding* on that offense was dismissed or was reduced to a misdemeanor or to a lesser offense that is not listed in subdivision (b) of Section 707."  (*Id.* at subd. (d), italics added.)

In the instant case, Julian pleaded guilty to the robbery.  By accepting this negotiated resolution, the trial court made a true finding that Julian

committed the robbery. (Cal. Rules of Ct., rule 5.778(f)(7) ["Those allegations of the petition as admitted are true as alleged."]; *In re John B.* (1989) 215 Cal.App.3d 477, 484 ["A minor's admission of a juvenile court petition is analogous [to a guilty plea], for it constitutes an assent to all facts essential to a finding that the minor is a person described in section 602."].) Under section 781, Julian would qualify for sealing his records only when he became 18. Under section 786, because Julian admitted to a section 707, subdivision (b) offense that he committed while 14 or older, he cannot have this matter dismissed, nor can he have his records sealed, unless the court first sets aside the *true finding* on the robbery.[4]

Julian maintains that in a single count petition, dismissing the petition and setting aside the true finding and dismissing are equivalent actions. As we discuss *post*, we disagree.

1.  *"Dismissing the petition" versus "setting aside the offense* and *dismissing the petition"*

When considering sealing juvenile records, dismissing the petition is different than setting aside the true finding on an offense and then dismissing the petition. A closer examination of the language used in the relevant statutes is revealing.

Section 782, subdivision (a)(1) distinguishes between simply dismissing a petition versus setting aside the findings *and* dismissing the petition. "A judge of the juvenile court in which a petition was filed or that has taken jurisdiction of a case . . . may dismiss the petition, *or* may set aside the findings and dismiss the petition . . . . The court has jurisdiction to order

---

4    As explained, the statute would also allow sealing if the charge on which trial court made a true finding was reduced to a misdemeanor, but see footnote 3, *ante*.

dismissal or setting aside of the findings and dismissal regardless of whether the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court. . . ." (§ 782, subd. (a)(1), emphasis added.)

We read the "or" in section 782 as a disjunction creating two distinct actions:  the court can either (1) dismiss the petition or (2) set aside the findings and then dismiss the petition.  (See *CRST Expedited, Inc. v. Superior Court* (2025) 112 Cal.App.5th 872, 894–895; see also *People v. Reynoza* (2024) 15 Cal.5th 982, 991 [use of "or" in statute indicates disjunction, which designates alternative or separate categories].)  The two are mutually exclusive; they are not two different ways to describe the same action.

Section 786, subdivision (d) is in accord with section 782.  It states the court shall not "dismiss a petition pursuant to this section . . . *unless* the finding on that offense was dismissed . . . ."  (§ 786, subd. (d), italics added.)  The plain meaning of "unless" in this context reflects the court cannot dismiss the petition without first dismissing the true finding.  Thus, dismissing a petition and dismissing a finding are two separate actions.

Furthermore, dismissing the petition but not setting aside a true finding carries distinct consequences.  While under this circumstance a court can still seal the records, the prosecutor may still access them in certain situations to use for charging, sentencing, or other specified purposes. (§§ 786, subd. (g)(1)(I) & 781, subd. (a)(1)(D)(ii)(I)–(IV).)  To have the records[5] destroyed (and inaccessible to the prosecutor), the court must (1) set aside the finding on the offense, (2) dismiss the petition, and (3) seal the petition via section 786, subdivision (d).  (See § 786, subd. (a).)  In contrast, if the records

---

[5]    In this context, we specifically refer to records containing a section 707, subdivision (b) offense committed while 14 or older.

7

are sealed pursuant to section 781, which permits the court to dismiss and seal without first setting aside the true finding, then the records containing the (§ 707, subd. (b)) offense shall not be destroyed and remain accessible to a prosecutor under certain circumstances.  (§ 781, subd. (d).)

2.      *The court properly applied the law*

Julian contends that because the petition only contained one offense, the court dismissing the petition under section 782 was sufficient for the purpose of sealing his record immediately under section 786.  (See § 786, subd. (d).)  We disagree.

When the petition contains a section 707, subdivision (b) offense that was committed while the person was 14 or older, as was the case here, the court "shall not seal a record . . . pursuant to [section 786] . . . *unless*" (1) "the finding on that offense was dismissed" or (2) the offense was "reduced to a misdemeanor" or (3) the offense was reduced to "a lesser offense that is not listed in subdivision (b) of Section 707."  (§ 786, subd. (d), italics added.)

Here, the court only dismissed the petition but did not set aside the true finding on the disqualifying offense.  Specifically, the court stated, "[t]he wording of [section] 786[, subdivision] (d) talks about an offense—the commission of an offense listed in [section] 707[, subdivision] (b) being dismissed.  The Court is dismissing the petition, not dismissing an offense or dismissing—or reducing that offense to a misdemeanor.  So that's the part that's giving me pause about the sealing under [section] 786."

To dismiss the petition but not dismiss the sole offense only makes sense in the context of the court's reference to section 786, subdivision (d).  The court's language mirrors the language of the cited statute, which states the court can seal when ". . . the finding on that offense was dismissed or was reduced to a misdemeanor."  (§ 786, subd. (d).)  The court intended to dismiss

8

the petition under section 782 but declined to dismiss the true finding of the underlying offense in question.

We presume the trial court understood and followed the law. (*People v. Hicks* (2024) 103 Cal.App.5th 1229, 1238.) Dismissing a petition pursuant to section 782 does not remove separate statutory hurdles for sealing the offense. (See e.g., *In re Taylor C.* (2024) 101 Cal App.5th 492, 496 [regarding registrable offenses].)

The court acted within its discretion when it chose only to dismiss the petition, rather set aside the true finding on the disqualifying offense and then dismiss the petition. Because section 781 controlled in this case, the court did not abuse its discretion.

DISPOSITION

We affirm.

RUBIN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

9