Filed 12/9/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| D.W., | B294110 |
| Petitioner, | (Los Angeles County Super. Ct. Nos. NJ29107 & NA105083) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  John C. Lawson II, Judge.  Petition granted and remanded.

Independent Juvenile Defender Program, Cyn Yamashiro and Marketa Sims for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Phyllis C. Asayama, June Chung and Matthew Brown, Deputy District Attorneys, for Real Party in Interest.

———————————————

# INTRODUCTION

Petitioner D.W. was found unfit for juvenile treatment based on the allegation that, at age 17, he committed second degree murder in violation of Penal Code section 187, subdivision (a), under the natural and probable consequences theory of liability. After the Respondent juvenile court transferred D.W.'s case to adult court, our Legislature eliminated liability for murder under the theory of natural and probable consequences.

D.W. alleges he is entitled to a new transfer hearing because the People (Real Party in Interest) have not established a prima facie case that he committed an offense that would now make him eligible for transfer to adult court. The People contend (1) they are no longer required to make a prima facie case in light of the statutory changes enacted by Proposition 57; (2) the facts presented to the juvenile court establish probable cause for the unalleged offense of assault with a deadly weapon under a natural and probable consequences theory; and (3) the nature of the specific offense alleged in the petition is irrelevant to the court's analysis of D.W.'s fitness for juvenile treatment.

We agree with D.W. that he is entitled to a new transfer hearing and remand the case to the juvenile court to vacate its order transferring his case to adult court.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2017, the People filed a petition in the Juvenile Court alleging D.W., at age 17, committed the offense of murder on October 3, 2016, in violation of Penal Code section 187, subdivision (a). The People also filed a motion to transfer the matter to adult criminal court under Welfare and Institutions Code[1] section 707, subdivision (a).

---

[1] All further references are to the Welfare and Institutions Code unless otherwise indicated.

At the hearing on the transfer petition, the People presented evidence that D.W. was in a car with three adults at a gas station in Long Beach when an altercation began. The victim approached the car, after which D.W. and the adult men got out of the car, confronted the victim, and ultimately chased and beat him with hands and feet. One of the adults stabbed the victim, causing his death. When interviewed by police, D.W. admitted punching the victim multiple times, but denied knowledge of the stabbing. D.W. also stated the victim attacked him, and D.W.'s father had taught D.W. to defend himself.

The People introduced no evidence that D.W. had the intent to kill the victim, or that he knew the victim would be stabbed. Instead, the People repeatedly invoked the natural and probable consequences doctrine of criminal liability for homicide. (Under that doctrine, D.W.'s intent to commit murder was irrelevant. If murder was the natural and probable consequence of his participation in the assault of the victim, he could be found liable for murder, regardless of his intent or culpability. (*People v. Chiu* (2014) 59 Cal.4th 155, 164.)) The People did not allege D.W. committed any crime other than murder, and did not allege any alternative theories for criminal liability other than the natural and probable consequences doctrine.

The juvenile court made three findings: the victim died of stab wounds inflicted by one of the adults; D.W. was one of the people who accosted the victim; and D.W. was over 16 years old at the time of the offense. Based on these facts, the court found probable cause that D.W. committed an offense within the meaning of section 707, subdivision (b). The court then evaluated the five criteria enumerated in section 707, subdivision (a), found D.W. unfit for juvenile court treatment, and transferred the matter to adult court.

3

D.W. filed a petition for writ of mandate and petition for writ of habeas corpus, alleging he was entitled to a new transfer hearing because: (1) the People failed to establish probable cause for murder as they relied solely on the natural and probable consequences doctrine, which was eliminated by the Senate Bill No. 1437's amendments to Penal Code sections 188 and 189; (2) substantial evidence does not support the transfer order on three of the five section 707 factors; and (3) D.W.'s counsel rendered ineffective assistance of counsel by withdrawing expert witness declarations showing D.W. was fit for juvenile court.

On February 28, 2019, we denied the petitions. D.W. then filed a petition for review in the California Supreme Court, at S254506, raising his right to a new transfer hearing based on the enactment of Senate Bill No. 1437, and arguing the lack of substantial evidence supporting the juvenile court's transfer order to adult court. D.W. also filed a petition for writ of habeas corpus at S254508 alleging ineffective assistance of his juvenile court counsel.

On April 17, 2019, the California Supreme Court granted the petition for review and ordered us to vacate our order denying the petition for writ of mandate and to issue an order to show cause directing the juvenile court to show cause why relief should not be granted on D.W.'s claim that the juvenile court's finding of a prima facie case is no longer valid following Senate Bill No. 1437's amendments to Penal Code sections 188 and 189. The Supreme Court also ordered our previously issued stay of the proceedings remain in effect pending further order. The Supreme Court denied the petition for writ of habeas corpus in case S254508 without prejudice to filing a new petition with this court should we deny D.W.'s petition for writ of mandate.

On May 2, 2019, we issued an order to show cause. On May 13, 2019, the People filed their return and on June 11, 2019, D.W. filed his reply to the return.

4

On October 10, 2019, D.W. filed a letter pursuant to California Rules of Court, rule 8.254 informing us of the depublication and grant of review of *People v. Gentile* (2019) 35 Cal.App.5th 932, and to alert us to new authority in *People v. Lopez* (2019) 38 Cal.App.5th 1087. We invited the parties to file letter briefs addressing the effect of *People v. Lopez* on D.W.'s claim that the juvenile court's finding of a prima facie case is no longer valid following Senate Bill No. 1437's amendments to Penal Code sections 188 and 189. On October 31,2019, both parties filed their supplemental letter briefs. On November 13, 2019, the Supreme Court granted a petition for review in *People v. Lopez*.

## DISCUSSION

The People concede D.W. may no longer be liable for murder under the natural and probable consequences doctrine and acknowledge *People v. Lopez* held that Senate Bill No. 1437 eliminated accomplice liability for murder under the same doctrine. Instead, the People argue they are no longer required to prove a prima facie case of the alleged offense in light of Proposition 57, which amended section 707 to eliminate the People's ability to directly file cases against minors in criminal court. The People also argue there is no need to remand for a transfer hearing because D.W. is eligible for transfer irrespective of his liability for murder, and because any change in D.W.'s liability for murder would have no effect on the transfer decision itself.

## I.    Relevant Law

Juvenile court jurisdiction attaches in cases in which the defendant is between 12 and 17 years of age when he or she violates any law of this state. (§ 602.) Historically, California required a judicial determination of unfitness for juvenile court before a minor could be prosecuted in adult court. (*Ramona R. v. Superior Court* (1985) 37 Cal.3d 802, 805; *Juan G. v. Superior Court* (2012) 209 Cal.App.4th 1480, 1488.) The burden of proving unfitness was

5

borne by the People.  (*Edsel P. v. Superior Court* (1985) 165 Cal.App.3d 763, 773–774 (*Edsel P.*).)

Since 1975, the procedural requirements for fitness hearings (also called transfer hearings) have been established by section 707. Certain minors were presumptively unfit for juvenile treatment when the juvenile court petition alleged violations of certain serious offenses; these juveniles had the burden to prove their fitness for juvenile treatment under each and every one of five criteria set out in the statute.  (*Edsel P., supra,* 165 Cal.App.3d at p. 773.)  These five criteria, which remain unchanged to this day, are:  (1) the degree of criminal sophistication exhibited by the minor; (2) whether the minor can be rehabilitated prior to the expiration of juvenile court jurisdiction; (3) the minor's previous delinquent history; (4) success of previous attempts by the juvenile court to rehabilitate the minor; and (5) the circumstances and gravity of the offense alleged in the petition.  (*Ibid.*; § 707, subd. (a)(3)(A)–(E).)

Since 1985, the People have been required to prove a prima facie case of the offense alleged before the transfer decision can be made.  (*Edsel P., supra,* 165 Cal.App.3d at pp. 780, fn. 10, 784.) "When a minor charged with a crime triggering the presumption of unfitness challenges the sufficiency of the evidence establishing that he committed the alleged offenses" the People must "make a prima facie showing that the minor committed the crimes before a fitness hearing may be held."  (*Rene C. v. Superior Court* (2006) 138 Cal.App.4th 1, 4 fn. 2.)  "Prima facie" amounts to sufficient cause and is generally equivalent to "reasonable or probable cause." (*Id.* at pp. 4–5, fn. 2.)  These hearings are frequently referred to as *Edsel P.* hearings.  (*Id.* at p. 4.)

Beginning with Proposition 21 in March 2000, and continuing until the adoption of Proposition 57 in November 2016, the People were authorized in specified circumstances to file a criminal action against a juvenile directly in adult court.  (*People v. Superior Court*

(*Lara*) *(2018)* 4 Cal.5th 299, 305 (*Lara*).) In 2016 Proposition 57 eliminated direct filing for prosecutors, and amended section 707 to require a transfer hearing before a juvenile can be prosecuted in adult court to determine whether the minor can be rehabilitated in juvenile court. Proposition 57 largely returned California to the historical rule. (*Lara*, at p. 305.) Now, there is no longer a presumption that a minor who committed certain serious offenses is unfit for juvenile court. (*C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1015.)

As it stands now, the People may move to transfer to adult court any minor 16 years of age or older alleged to have committed a felony criminal offense. (§ 707, subd. (a)(1).) The prosecution must prove by a preponderance of the evidence that the minor is unfit for juvenile court. In rendering its transfer decision, the court must consider the five criteria enumerated in section 707, subdivision (a)(3)(A)–(E). The weight to be given each of these factors is within the court's discretion. (*J.N. v. Superior Court* (2018) 23 Cal.App.5th 706, 710, 716, 719-721.)

## II.   Prima Facie Case

The People contend Proposition 57, and its amendments to section 707, "raise doubts" about whether a prima facie case must be established before transferring a juvenile top adult court. The People argue that the only reason the People had to establish a prima facie case was to trigger the presumption of unfitness. Now that there is no presumption of unfitness, there is no need for them to prove a prima facie case.

We do not agree with the People's premise for two reasons. Eliminating the requirement that the People prove a prima facie case leaves the minor with no opportunity to challenge the sufficiency of the evidence of the offense alleged, which was a prominent due process concern considered by the court in *Edsel P. Edsel P.* was not concerned solely with how the alleged offense

7

operated as a mandatory presumption of *unfitness*. *Edsel P.* was concerned with how the charge itself operated as a mandatory presumption of *probable cause*. The *Edsel P.* court made clear: "Because the issues of probable cause and fitness are discrete," section 707 "must be interpreted as leaving intact the constitutional and statutory requirement that evidence of the prima facie case be presented when the minor challenges the sufficiency of the evidence to constitute probable cause." (*Edsel P.*, *supra*, 165 Cal.App.3d at p. 784.) Relieving the People of their burden to establish a prima facie case of the offense alleged in the petition would "permit prosecutors rather than judges to determine whether evidence is sufficient to constitute probable cause at a critical stage in the proceedings." (*Ibid.*)

Relieving the People of their burden to make a prima facie showing of the alleged offense would still operate as a presumption of probable cause, even in light of the statutory changes enacted in conjunction with Proposition 57. We therefore conclude Proposition 57 does not eviscerate the rationale in *Edsel P.* for ensuring the minor has an opportunity to challenge the sufficiency of the evidence and for requiring the People to produce such evidence to establish its prima facie case.

Second, and no less important, the Judicial Council amended certain rules of court in light of Proposition 57 to retain the requirement that the People establish a prima facie case of the alleged offense. The Family and Juvenile Law Advisory Committee (Committee) to the Judicial Council of California recommended the requirement "in order to protect the due process rights of the child to only be subject to a transfer motion if the prosecution makes a prima facie showing that the child has committed an eligible offense." (Judicial Council of Cal., Advisory Com. Rep., Juvenile

Law:  Implementation of Proposition 5, the Public Safety and Rehabilitation Act of 2016 (May 2017) p. 8.)[2]

The Judicial Council adopted this recommendation and enacted California Rules of Court, rule 5.766(c), which provides that, "[o]n the child's motion, the court must determine whether a prima facie showing has been made that the alleged offense is an offense that makes the child subject to transfer" under section 707. We find no compelling reason to render ineffectual this requirement, which was expressly considered in conjunction with the implementation of Proposition 57, and its elimination of the presumption of unfitness.

## III.  The Court Must Consider D.W.'s Fitness in Light of the Offense Alleged in the Petition

The People allege a transfer hearing is unnecessary because D.W. was eligible for transfer irrespective of his liability for murder and because the offense alleged is irrelevant to the court's consideration of D.W.'s individual conduct.  They contend that the same facts supporting the court's finding of probable cause for murder under a natural and probable consequence theory establish probable cause for another eligible offense: assault with a deadly weapon under a natural and probable consequences theory. Because D.W.'s liability for the nontarget offense of murder was predicated on D.W.'s conduct in the assault, they reason the same conduct supports probable cause for the nontarget and unalleged offense of assault with a deadly weapon.[3]

---

[2]    <https://jcc.legistar.com/View.ashx?M=F&ID=5141918&GUID=0E8C42DF-A78B-486D-9A4E-512ACBDDAA76> (as of Nov. 25, 2019), archived at <https://perma.cc/9RPF-WZA9>.

[3]    The People also suggest in footnotes to their return that D.W. could be also liable for voluntary manslaughter or murder under a direct aiding and abetting theory.  Voluntary manslaughter, however, must be supported by a finding that the defendant was

---

We will assume but not decide that establishing probable cause for an unalleged offense satisfies the requirement that the People present a prima facie case. However, that assumption does not satisfy the requirements for the court's consideration of the five fitness criteria. The fitness determination is dependent upon the People making a prima facie case for the offense alleged in the petition. "[T]he issue of fitness cannot be considered unless the prima facie case is first made out." (*Edsel P., supra*, 165 Cal.App.3d at p. 787.) As *Edsel P.* pointed out, the issues of probable cause and fitness are discrete. (*Id.* at p. 784.)

So here, if we were to agree the facts the court relied upon in finding probable cause for murder also support a finding of probable cause for assault with a deadly weapon under the theory of natural and probable consequences, our analysis does not end because the court must consider the gravity of the offense in evaluating the fifth fitness factor. The fitness analysis is informed by the nature of the offense alleged. The court *must* consider the "circumstances and gravity of the offense *alleged in the petition* to have been committed by the minor." (§ 707, subd. (a)(3)(E)(i), italics added.) Assault with a deadly weapon is a significantly less serious offense than murder; it carries a maximum penalty of four years in prison, whereas

provoked, and that the provocative conduct is legally sufficient to cause an ordinary person of average disposition to act rashly and without due deliberation and reflection. (*People v. Beltran* (2013) 56 Cal.4th 935, 948–949.) The juvenile court made no such finding and we will not do so on appeal. As for direct aiding and abetting, the defendant must have acted with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose to commit, encourage, or facilitate the offense. (*People v. Chiu, supra*, 59 Cal.4th at p. 161.) The People did not present any facts to show D.W. knew of the perpetrator's criminal purpose, the juvenile court made no such finding, and, again, we will not make any such factual findings on appeal.

second degree murder must be punished by a term of 15 years to life. (Pen. Code, §§ 245, subd. (a)(1), 190, subd. (b).) Our legislature has decided that culpability for assault warrants a determinate sentence of no more than four years, whereas culpability for second degree murder justifies not only a minimum of 15 years in prison, but also subjects the defendant to a determination by the Parole Board as to when and whether a defendant may be released.

Although the juvenile court does not actually "sentence" a minor, the sentence set by the Legislature is an indication of how it views the gravity of an offense. This overwhelming gap between how it judges culpability for assault versus murder cannot be divorced from the juvenile court's analysis of the gravity of the offense in determining a minor's fitness for treatment. The juvenile court is vested with the discretion to weigh all five factors, and we cannot presume the court would place as much weight on the fifth factor if it were tasked with considering the gravity of an assault with a deadly weapon under a natural and probable consequences theory instead of second degree murder.

"Our role is to interpret the statutes as they are written, not to establish policy." (*Juan G. v. Superior Court, supra*, 209 Cal.App.4th 1480, 1495.) The fifth fitness factor directs the juvenile court to consider the gravity of the offense alleged in the petition. The statute could not be more plain. For the reasons stated above, we conclude the gravity of the offense alleged in the petition is not irrelevant to the court's evaluation of a minor's fitness for juvenile treatment, and we will not presume that the juvenile court would find D.W. unfit if he were alleged to have committed an assault with a deadly weapon on a natural and probable consequences theory rather than second degree murder.

11

## DISPOSITION

The petition is granted.  The matter is remanded to the juvenile court, which is directed to vacate the order transferring Petitioner's case to adult court. If the People elect to proceed with a motion to transfer, they must refile a petition alleging offense(s) the juvenile court may consider at a transfer hearing if a prima facie case is established.  At the transfer hearing, the People may introduce the transcript from the initial hearing and both parties may call and introduce additional witnesses and evidence.

**CERTIFIED FOR PUBLICATION**


STRATTON, J.

We concur:


BIGELOW, P. J.


GRIMES, J.